IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

___

| LOUISE GRAVES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-1101-STA-jay |
| | ) | |
| AUTO OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

___

**ORDER DIRECTING COMMISSIONER TO COMPLY**
___

Before the Court is Plaintiff Louise Graves's show cause response (ECF No. 8) filed on September 5, 2019. The Court had previously ordered Plaintiff to show cause as to why the Court should not dismiss her Complaint for failure to serve Defendant Auto Owner's Insurance Co. within 90 days, as required by Federal Rule of Civil Procedure 4(m). In her show cause response, Plaintiff states that counsel sent the appropriate service and summons documents along with the $15.00 service fee required by the State of Tennessee under a cover letter to the Tennessee Department of Commerce and Insurance on May 29, 2019. Although the Commissioner deposited the check a few days later, Plaintiff has no indication that Defendant received the summons, and the Commissioner's office has not responded to calls from Plaintiff's attorney to inquire about the status of service. According to an affidavit from counsel (ECF No. 8-1), counsel has made three separate attempts to contact the Commissioner by phone. Counsel has made several complaints over the past year to the Commissioner's office and asserts that attorneys around the state have experienced similar delays. Plaintiff requests that the Court order the Commissioner to issue the service papers within ten days or face contempt of court.

1

Tenn. Code Ann. § 56–2–501 *et seq*. sets out the procedures for service of process on insurance companies, including a foreign insurance company like Defendant, that is, an insurance company organized under the laws of a state other than Tennessee. *See* Tenn. Code Ann. § 56–2–502(3).[1] For purposes of service of process, a foreign insurance company doing business in the state of Tennessee must appoint the Tennessee Commissioner of Insurance as its attorney. § 56–2–503. A plaintiff may serve process on the Commissioner who then forwards the summons and complaint to the company by registered mail. § 56–2–504(b); *see also Walker v. Nationwide Ins. Co.*, 813 S.W.2d 135, 139 (Tenn. Ct. App. 1990) (noting that Tenn. Code Ann. § 56–2–504(b) "was not by its own terms, however, intended to be an exclusive means of service of process on a foreign insurance corporation"). Once the Commissioner has forwarded process to the insurance company, Tenn. Code Ann. § 56–2–504(b) requires the Commissioner to file an affidavit with the court where the action is pending, stating that the Commissioner has complied with the statutory procedures for service of process. *Id*. Tenn. Code Ann. § 56–2–506(c) specifies that the Commissioner must forward process to the insurance company within ten (10) days of receiving the process and file the affidavit of compliance with the clerk of court where the action is pending "on or before the return date of the process or within any further time that the court allows." § 56–2–506(c).

---

[1] Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations and allows for service by any of the means permitted under Rule 4(e)(1) for service on individuals within a judicial district of the United States. *See* Fed. R. Civ. P. 4(h)(1) (cross-referencing Fed. R. Civ. P. 4(e)(1) and its provisions for serving an individual within the United States). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). In this District, that means a plaintiff may serve a defendant by following Tennessee law for service of process.

In this case Plaintiff has shown that counsel served a copy of the summons and Complaint in this matter on the Commissioner as required under Tenn. Code Ann. § 56–2–504(b). However, to date the Commissioner has not filed an affidavit of compliance with the clerk of court, even though counsel for Plaintiff forwarded the summons and Complaint to the Commissioner and the Commissioner deposited Plaintiff's service fee check more than three months ago. Counsel for Plaintiff has affirmed that this is not an isolated instance of delay, either in his practice or for other attorneys in the State of Tennessee.

Therefore, the Commissioner is ordered to comply with the statutory requirements of Tenn. Code Ann. § 56–2–504(b) and § 56–2–506(c) by filing an affidavit of compliance, or in the alternative, to show cause as to why he has not and cannot comply. The Commissioner's affidavit and/or response is due within 15 days of the service of this order. The Clerk of Court is directed to send a copy of this order to the Commissioner by means of certified mail, return receipt requested to following address:

> Tennessee Department of Commerce & Insurance
> Attn: Interim Commissioner Carter Lawrence
> 500 James Robertson Pkwy.
> Nashville, TN 37243-0565

**IT IS SO ORDERED**.

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> CHIEF UNITED STATES DISTRICT JUDGE
>
> Date: September 11, 2019